EJK:CMM
F#:2012R01816

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 14 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

    - against -

MAXIMO COLLADO,
IVAN HERNANDEZ and
SAMUEL TORRES,

              Defendants.

- - - - - - - - - - - - - - - - - -x

I N D I C T M E N T

Cr. No. _____
(T. 21, U.S.C.,
§§ 841(a)(1),
841(b)(1)(B)(ii)(II),
846, 853(a), 853(p),
952(a), 960(a)(1),
960(b)(2)(B)(ii) and
963; T. 18, U.S.C.,
§§ 2 and 3551 et seq.)

COGAN, J.
ORENSTEIN, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Import Cocaine)

    1.    In or about and between December 2012 and January 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MAXIMO COLLADO, IVAN HERNANDEZ and SAMUEL TORRES, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved 500 grams or more of a substance

containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1).

(Title 21, United States Code, Sections 963 and 960(b)(2)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(Importation of Cocaine)

2. On or about December 3, 2012, within the Eastern District of New York and elsewhere, the defendants MAXIMO COLLADO, IVAN HERNANDEZ and SAMUEL TORRES, together with others, did knowingly and intentionally import a controlled substance into the United States from a place outside thereof, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(2)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT THREE
(Conspiracy to Possess Cocaine With Intent to Distribute)

3. In or about and between December 2012 and January 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MAXIMO COLLADO, IVAN HERNANDEZ and SAMUEL TORRES, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance,

2

which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOUR
(Possession of Cocaine With Intent to Distribute)

4. On or about December 3, 2012, within the Eastern District of New York, the defendant MAXIMO COLLADO, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 500 grams or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
(Attempted Possession of Cocaine With Intent to Distribute)

5. In or about and between December 2012 and January 2013, both dates being approximate and inclusive, within the Eastern District of New York, the defendants IVAN HERNANDEZ and SAMUEL TORRES, together with others, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, which offense involved 500 grams or more

3

of a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

6. The United States hereby gives notice to the defendants charged in Counts One through Five that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to used, in any manner or part, to commit, or to facilitate the commission of such offenses.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: _____
Assistant U.S. Attorney

5

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

- *against* -

MAXIMO COLLADO, IVAN HERNANDEZ *and* SAMUEL TORRES

Defendants.

# INDICTMENT

(T. 21 U.S.C., §§ 841(a)(1), 841(b)(1)(B)(ii)(II), 846, 952(a), 960(a)(1), 960(b)(2)(B)(ii) and 963; T. 18, U.S.C., §§ 2 and 3551 et seq.)

*A true bill.*

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 20 ____

_____
Clerk

Bail, $ _____

*Catherine M. Mirabile, Assistant U.S. Attorney (718-254-6055)*